UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JAMES G. CULLEM,
    Plaintiff,

v.   CIVIL ACTION NO. 16-12324-MPK

MATTHEW ZIEV,
as a detective for the Town of Rowley and
individually;
DOROTHY TOBIN, as a police officer
for the Town of Rowley and individually; and
THE TOWN OF ROWLEY,
    Defendants.

MEMORANDUM AND ORDER ON
PLAINTIFF'S SEALED MOTION TO SEAL/REDACT COURT FILINGS (#95).

KELLEY, U.S.M.J.

I. Introduction.

Plaintiff sued two police officers and the Town of Rowley, claiming they violated his civil rights by wrongly prosecuting him for certain crimes. This court allowed motions for summary judgment and entered judgment for defendants. The only remaining matter is plaintiff's motion to seal or redact certain pleadings that were filed under seal. (#95.) For the reasons set out below, the court finds that with certain minor exceptions, the pleadings must be unsealed.

II. Facts.

In 2013, plaintiff and his wife were engaged in divorce proceedings when his wife filed a report with the Town of Rowley Police Department alleging that plaintiff had committed certain

crimes, some of them against her, including sexual assault charges. (#33 ¶¶ 4, 18, 19.) As a result of her report, plaintiff was arrested and charged with multiple crimes in the Newbury District Court. *Id*. ¶ 2. In this suit, plaintiff contended that his arrest, the false charges brought against him, and the publicity that followed, caused him to suffer significant personal losses.[1] Eventually, out of nine charges, all but one was nolle prossed; plaintiff received a continuation without a finding on the single remaining charge. (#38-1.) The court file pertaining to that charge was sealed, *see* Mass. Gen. Laws ch. 276, § 100C. (#95 at 3.)

Plaintiff asserted the allegations in his wife's report to the police were not true. (#33 ¶ 18.) He claimed that Ziev, a detective for the Rowley Police Department, repeated the false allegations, made other false statements, and failed to include the fact that plaintiff and his wife were engaged in divorce proceedings, in an affidavit in support of an arrest warrant for plaintiff. *Id*. ¶¶ 20-22. Plaintiff alleged that Ziev made the false allegations "intentionally, knowingly and/or recklessly" and "without sufficient factual and/or legal basis," and then, based on the affidavit, sought criminal charges against plaintiff. *Id*. ¶¶ 23-25.

Tobin, a Rowley police officer, investigated the allegations made by plaintiff's wife. *Id*. ¶ 28. Plaintiff claimed Tobin discovered that Ziev had made false assertions that "undermined the factual/legal validity" of the crimes with which plaintiff was charged, but intentionally failed to rectify the situation. *Id*. ¶¶ 29, 30. Finally, the chief of the Rowley Police Department was alleged to have released a press report that contained falsehoods. *Id*. ¶ 26. The allegations against plaintiff, including the allegedly false statements in the press report, were reported in the news media. *Id*.

---

[1]Plaintiff claimed losses including: 1) injury to his reputation, 2) termination from employment, 3) imprisonment, 4) having to post a high bail, 5) restrictions on his civil liberties, 6) limited visitation opportunities with his children, and 7) inability to possess and enjoy his marital home, which was sold. (#33 ¶ 27.)

2

The first and third counts of the second amended complaint alleged violations of the Fourth and Fourteenth Amendments. *Id*. ¶¶ 32-38, 43-51. In count one, Cullem claimed Ziev and Tobin conducted an investigation, and then acted without "a sufficient factual or legal basis," which led to plaintiff's incarceration, loss of civil liberties, and restrictions on his due process rights. *Id*. ¶¶ 35,36. In count three, Cullem contended that Rowley's policy and custom of improperly investigating citizen complaints, and inadequately training and supervising the Town's police officers, led to violations of his constitutional rights. *Id*. ¶¶ 46-47, 51.

In count two, plaintiff alleged that because of the false assertions made by Rowley and the failure of the defendants to correct those false assertions, all defendants violated the Massachusetts Civil Rights Act. *Id*. ¶¶ 40, 41. In count four, a claim for abuse of process, plaintiff alleged that all defendants participated in a scheme to institute and prosecute knowingly false criminal charges against him. *Id*. ¶¶ 53-55. Finally, in count five, a claim for malicious prosecution, plaintiff alleged that the criminal prosecution against him was brought with malice and without probable cause, and that the criminal process terminated in his favor. *Id*. ¶¶ 60-62.

### III. The Pleadings Filed Under Seal.

Many of the pleadings and orders in this case were filed under seal, as certain pleadings contained identifying information about plaintiff's wife and their children. The original complaint, and an amended complaint, were filed under seal (## 1, 10), and then a second amended complaint, purged of information that specifically identified the wife and children, was filed on the public docket. (#33.) Exhibits accompanying a motion to compel the Essex County District Attorney's Office to produce files concerning plaintiff's case in the Newbury District Court were filed under seal, also because they contained identifying information about the wife. (##29-1, 29-4, 31.) Defendants filed a motion for judgment on the pleadings under Fed. Rule Civ. P. 12(c) (##37, 38),

plaintiff opposed (#44), and the court issued an order dismissing count two against all defendants and counts four and five against the Town (#47);  all of these documents were filed under seal. Finally, numerous documents filed in connection with defendants' motions for summary judgment were filed under seal (##68-72, 77-78, 81), as was the court's order granting both motions and entering judgment for defendants. (#82.)

Plaintiff moved permanently to seal or to redact certain documents on the public docket of this case. (#95). By way of a joint statement, defendants took no position on plaintiff's motion, except with regard to defendants' motions for summary judgment and the court's order on the motions, which defendants argued should be put on the public docket. (#98 ¶ 5.) The court held an oral argument on the matter on August 26, 2020, and a second argument on February 10, 2020.

IV. Applicable Law.

"Courts have long recognized 'that public monitoring of the judicial system fosters the important values of quality, honesty and respect for our legal system.'" *In re Providence Journal*, 293 F.3d 1, 9 (1st Cir. 2002) (quoting *Siedle v. Putnam Inv., Inc.*, 147 F.3d 7, 10 (1st Cir. 1998)). Thus there is a common-law presumption that the public ought to have access to judicial records. *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978) ("[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents."); *FTC. v. Standard Financial Management Corp.*, 830 F.2d 404, 408 (1st Cir. 1987); *Bradford & Bigelow, Inc. v. Richardson,* 109 F. Supp.3d 445, 447-48 (D. Mass. 2015). [2] "The privilege extends, in the first instance, to 'materials on which a court relies in

---

[2] There is a qualified First Amendment right of access to certain judicial proceedings and documents in addition to the common law presumption, *see Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980); *In re Providence Journal*, 293 F.3d at 9-10, but the court need not go down that path here, as the court finds that the common law presumption applies and essentially all the documents in this matter should be public.

determining the litigants' substantive rights.'" *Standard Financial Management*, 830 F.2d at 408 (quoting *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 13 (1st Cir. 1986)); *In re Providence Journal*, 293 F.3d at 9. Documents "which play no role in the adjudication process, however, such as those used only in discovery, lie beyond reach." *Standard Financial Management*, 830 F.2d at 408 (citation omitted); *United States v. Kravetz*, 706 F.3d 47, 55 (1st Cir. 2013) ("[N]o right of access attaches to civil discovery motions themselves or materials filed with them.").

The presumption of public access to judicial records "is strong and sturdy," and although a court is given discretion in deciding whether documents may be filed under seal, the First Circuit has cautioned that the presumption may be overcome only for the most compelling reasons. *Standard Financial Management*, 830 F.2d at 410; *In re Providence Journal*, 293 F.3d at 11. In deciding whether to block access to records, a court is to "weigh the presumptively paramount right of the public to know against the competing private interests at stake." *Standard Financial Management*, 830 F.2d at 410 (citing *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 478 (6th Cir. 1983)). The party seeking to keep records from the public view has the burden of persuasion. *Id*. at 411.

The charge on which plaintiff received a continuation without a finding was sealed in the Newbury District Court. *See* Mass. Gen. Laws ch. 276, § 100C. The Massachusetts sealing statute promotes rehabilitation and reintegration by protecting former criminal defendants "from unnecessary and overbroad dissemination of criminal record information." *Commonwealth v. Vickey*, 381 Mass. 762, 765 (1980); *Attorney General v. District Attorney for the Plymouth Dist.*, 484 Mass. 260, 270 (2020) (holding that the purpose of sealing criminal records is to alleviate the potential adverse consequences to employment or other activities that can result from the existence of such records.) Section 100C of the sealing statute permits a former criminal defendant, whose

criminal case resulted in a nolle prosequi or a dismissal, to seal his or her criminal record on a judge's discretionary determination that "substantial justice would best be served" by such sealing. *See* Mass. Gen. Laws ch. 276, §100C. As set out below, in its discretion this court will protect information about the sealed matter from public disclosure, because of the purpose of the sealing statute, which is to prevent unnecessary dissemination of criminal record information, and because the precise charge is not relevant to this court's reasoning on any issue.

V. Analysis.

The court acknowledges the highly personal and embarrassing nature of many of the allegations made against plaintiff by his wife in this case, allegations which plaintiff asserts are untrue. The court also is cognizant of the fact that all but one criminal charge against plaintiff were nolle prossed, and on the one remaining charge, plaintiff received a continuance without a finding, and the matter was subsequently sealed. Nevertheless, the court is constrained by the law, which requires that materials on which a court relies in determining the litigants' substantive rights must appear on the public docket. *Standard Financial Management*, 830 F.2d at 408. It is simply not reasonable for a plaintiff to bring a case alleging that his constitutional rights were violated by state officials and not expect the facts on which those officials based their actions to be included in the public record of a case. Nor is it permissible for this court to rule on defendants' motion for summary judgment without delineating the facts on which it bases its decision.

The court agrees with the parties that identifying information about plaintiff's wife should be redacted from the docket, as she was an alleged victim in the criminal case, and also agrees that information about the couple's minor children should be redacted. *See Standard Financial Management*, 830 F.2d at 411 ("[P]rivacy rights of participants and third parties are among those interest which, in appropriate cases, can limit the presumptive right of access to judicial records.").

Nevertheless, the court finds that redacting references to "Mrs. Cullem" or "the plaintiff's wife" is not necessary, as the fact that plaintiff and his wife were undergoing a divorce is integral to plaintiff's claims, and it is obvious to all that the couple was married. By the same token, facts concerning what the children allegedly said to officials and what actions plaintiff allegedly took in the presence of his children are also central to the court's adjudication of this case, and cannot be hidden from the public's view.

Therefore, after careful consideration of the parties' arguments, the court rules as follows:

1. Documents ##3, 9, and 10, prior iterations of the complaint and a motion to file under seal, may remain under seal, as they contain the alleged victim's name and personal identifiers. Document #33, the second amended complaint, is on the public docket and is a version of documents ##3 and 10 with the offending information removed.

2. Document #29, a motion to compel by the Town, is already on the public docket. Plaintiff's proposed redactions to the motion concern descriptions of certain statutes and a general description of the charges he faced in the Newbury District Court. As stated above, plaintiff could have had no reasonable expectation that evidence collected by the police and other investigators in his criminal case, and the charges that were brought against him, would not be made public if he chose to sue officials for allegedly violating his constitutional rights by wrongfully charging him with those crimes. The document shall remain unsealed. Two exhibits to the motion are under seal because one is a copy of the first amended complaint, which as stated above remains under seal because it contains identifying information about the alleged victim, and the second is a communication with the alleged victim that did not play a part in any decision of the court. Those exhibits shall remain under seal.

3. Document #37, defendants' motion for judgment on the pleadings, and document #38, a memorandum in support, shall be redacted in the following way: the specific charge that was sealed may be redacted on the public docket, as proposed by plaintiff in documents ##95-2 and 95-3.

4. Document #44, plaintiff's opposition to defendants' motion for judgment on the pleadings, shall be redacted only as to the specific charge that was sealed, as proposed by plaintiff in one instance in #95-4, at page 5. The court denies plaintiff's other proposed redactions.

5. Document #47, the court's memorandum and order on defendants' motion for judgment on the pleadings, shall be revised so as not to state the specific charge that was sealed, as appearing in #95-5 at page 8. The court denies plaintiff's other proposed redactions.

6. Documents ##68 and 69, Rowley's motion for summary judgment and memorandum in support, and document #70, Ziev and Tobin's motion for summary judgment, shall be filed on the docket without redactions.

7. Document #71, Ziev and Tobin's memorandum in support of their motion for summary judgment, shall be redacted so that references to the sealed charge as mentioned on pages 4, 9, 10, 11, 12, and 19 do not appear. Plaintiff's other requests for redactions are denied. The exhibits in document #72 shall remain under seal. Facts on which the court relied are set out in detail in the pleadings and the court's order. The exhibits contain extraneous information and also information that implicates the privacy interests of the alleged victim and children.

8. Document #77, plaintiff's opposition to defendants' motions for summary judgment, shall be filed on the docket unredacted. Document #78, exhibits in support of the opposition,

may remain under seal for the same reasons that document #72, exhibits filed by defendants, may remain under seal.

9. Document #81, defendants' reply to plaintiff's responses to defendants' motions for summary judgment, shall be filed on the docket unredacted.

10. Document #82, the court's order on defendants' motion for summary judgment, shall be revised so that it does not reveal the charge that was sealed. The court acknowledges that the order details information about allegations involving the children, and about the Massachusetts Department of Children and Families' investigation of the facts underlying the plaintiff's wife's complaints. Unfortunately, however, it is not possible for the court to explain the basis for its decision to allow defendants' motions for summary judgment without referencing these facts.

## VI. <u>Conclusion</u>.

For the reasons stated above, plaintiff's motion to seal/redact certain materials on the docket of this case (#95) is allowed in part and denied in part.

February 10, 2021

/s/ M. Page Kelley  
M. Page Kelley  
Chief United States Magistrate Judge